**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| IN RE: | GWENDOLYN KAYE STOKELY | Case No. 25-14315 |
| | , Debtor(s) | CHAPTER 13 |

**TO:**   **AFFECTED CREDITORS**:
    Aaron's, 424 MS Hwy 12 W, Starkville, MS 39759
**TRUSTEE**:    Todd S. Johns
**U. S. TRUSTEE**: USTPRegion05.JA.ECF@usdoj.gov

## NOTICE OF AMENDMENT OF SCHEDULES

YOU ARE HEREBY NOTIFIED that the above named debtor(s) has filed with the Bankruptcy Court an Amendment of Schedules (see attached copy of Notice of Meeting of Creditors, amended schedules and Plan).

YOU ARE FURTHER NOTIFIED that if you wish to examine the debtor(s) under oath, you must request of the U.S. Trustee an adjourned Meeting of Creditors. Said request must be made within 21 days of the date of this notice. (*Address of U.S. Trustee: United States Courthouse, 703 MS-145, Aberdeen, MS 39730*)

YOU ARE FURTHER NOTIFIED that the affected creditor(s) has 60 days from the date of this notice to file, with the U.S. Bankruptcy Court, a complaint to determine the dischargeability of a debt under § 523(c), a motion objecting to discharge under § 1328(f) of the Bankruptcy Code or a motion to seek an extension of time for filing a complaint or a motion objecting to discharge.

YOU ARE FURTHER NOTIFIED that should you desire to file an objection to the Plan, you should do so, with the U.S. Bankruptcy Court, within 30 days of the date of this notice in the form of a written pleading.

YOU ARE FURTHER NOTIFIED that any added creditor is given 30 days from the conclusion of the meeting of creditors or 30 days from date of this notice, whichever is later, to file with the U.S. Bankruptcy Court an objection to the debtor(s) list of property claimed as exempt

YOU ARE FURTHER NOTIFIED that any added creditor is given 70 days from the date of this notice to file a proof of claim with the U.S. Bankruptcy Court. A proof of claim may be obtained at www.mssb.uscourts.gov or any bankruptcy clerk's office.
Address of the U.S. Bankruptcy Court may be found on the attached Notice of Chapter 13 Bankruptcy Case.

Date: Wednesday, March 11, 2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

# United States Bankruptcy Court
## FOR THE
### Northern District of Mississippi

| | |
|---|---|
| Debtor 1: GWENDOLYN KAYE STOKELY | Last 4 digits of Social Security number or ITIN: XXX-XX-1745<br>EIN: |
| Debtor 2: | Last 4 digits of Social Security number or ITIN:<br>EIN: |
| Case Number: 25-14315-SDM | Date Case Filed or Converted to Chapter 13: December 19, 2025 |

Form 309I (12/15)

## NOTICE OF CHAPTER 13 BANKRUPTCY CASE

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in this case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly indentify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in this case. Do not include more that the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | About Debtor 1: | About Debtor 2: | | |
|---|---|---|---|---|
| **1: Debtor's full name** | GWENDOLYN KAYE STOKELY | | | |
| **2: All other names used in the last 8 years** | Gwendolyn K. Stokely<br>Gwen K Stokely | | | |
| **3: Address** | 254 E PLUM ST<br><br>COLUMBUS, MS 39702 | If debtor 2 lives at a different address: | | |
| **4: Debtor's attorney**<br>Name and Address | THOMAS C ROLLINS, JR<br>P O BOX 13767<br><br>JACKSON, MS 39236 | Contact phone | (601) 500-5533 | |
| | | Email | | |
| **5: Bankruptcy trustee**<br>Name and Address | Todd S. Johns<br>Chapter 13 Trustee<br>P.O. Box 1326<br>Brandon, MS 39043-1326 | Contact phone | (601) 825-7663 | |
| | | Email | | |
| **6: Bankruptcy Clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online a www.pacer.gov. | ABD US Bankruptcy Court<br>703 Hwy 145 North<br><br>Aberdeen, MS 39730 | Hours open<br><br>Contact phone | | |

Form 309I   Page 1                                                                                                           For more information, see page 2

| 7: Meeting of creditors | | | |
|---|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. | January 29, 2026<br>Date | at 11:00 AM<br>Time | Location: Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 789 052 8960 - Passcode 4480633028, OR call 1-318-593-1245, |
| Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | | |

| 8: Deadlines | | | |
|---|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br>**You must file:**<br>■ a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br>■ a complaint if you want to have a paticular debt excepted from discharge under U.S.C. § 523(a)(2) or (4). | **Filing deadline:** | March 30, 2026 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline:** | February 27, 2026 |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline:** | June 17, 2026 |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid for your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.<br>Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** | 30 days after the conclusion of the meeting of creditors |

| 9: Filing of plan | Miss. Bankr. L.R. 3015-1(d) requires the debtor to serve a copy of the plan and related notice on the Trustee, the US Trustee, and all creditors. The plan may contain a motion for valuation of security and/or a motion to avoid lien. Any objection to the plan or to any motion contained therein shall be in writing and filed with the Clerk of Court on or before February 12, 2026. Objections will be heard on March 03, 2026 at 10:30 AM, ABD US Bankruptcy Co 703 Hwy 145 North, Aberdeen, MS 39730 unless otherwise ordered by the court.<br>If no objection is timely filed, the plan may be confirmed without a hearing.<br>**The debtor has filed a plan. The plan or a summary of the plan will be sent separately.** |
|---|---|
| **10: Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11: Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan will be sent to you later and the court will send you a notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **12: Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13: Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you beleive that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exenptions in line 8. |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Gwendolyn Kaye Stokely** | |
| | First Name        Middle Name        Last Name | |
| Debtor 2 (Spouse if, filing) | First Name        Middle Name        Last Name | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI | |
| Case number (if known) | 25-14315 | ■ Check if this is an amended filing |

Official Form 106G
# Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1   **Aaron's\*\*\***<br>       **424 MS Hwy 12 W**<br>       **Starkville, MS 39759** | **JBL Speaker** |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Gwendolyn Kaye Stokely** | | |
| | Full Name (First, Middle, Last) | | |
| Debtor 2 | | | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | | |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** | | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: | | | |
| (If known) | | | |

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance               12/17

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay ~~$1,054.00~~ **1711.00** (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct.**

Debtor  **Gwendolyn Kaye Stokely**                    Case number _____

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑    Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐    Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*
    ☑    None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐    None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**    Principal Residence Mortgages: All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑    1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1    Mtg pmts to  **New American Funding**
Beginning **February 2026**        @    ~~$674.00~~ 741.18  ☑ Plan    ☐ Direct.    Includes escrow ☑ Yes ☐ No    **9735.46** ~~$7,000.00~~

1    Mtg arrears to  **New American Funding**        Through    **January 2026**

**3.1(b)** ☐    Non-Principal Residence Mortgages: All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property  **-NONE-**
  address: _____
Mtg pmts to _____
Beginning  month                @ _____    Plan    Direct.    Includes escrow   Yes   No

Property **-NONE-**  Mtg arrears to _____    Through _____

**3.1(c)** ☐    Mortgage claims to be paid in full over the plan term: Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:  **-NONE-**            Approx. amt. due: _____        Int. Rate*: _____
Property Address: _____
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____    **-NONE-** /month, beginning    month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

Debtor   **Gwendolyn Kaye Stokely**                                Case number

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

3.2   **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Santander Bank | 2020 Jaguar F Pace Prestige 76500 miles | ~~$22,439.00~~ 23881.27 | 10.00% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

A/O 3-2-26

*Insert additional claims as needed.*

3.4   **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   **Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

4.1   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

4.3   **Attorney's fees.**

☑ No look fee: __4,600.00__

| | |
|---|---|
| Total attorney fee charged: | $4,600.00 |
| Attorney fee previously paid: | $272.00 |
| Attorney fee to be paid in plan per confirmation order: | $4,328.00 |

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

4.4   **Priority claims other than attorney's fees and those treated in § 4.5.**

| Debtor | Gwendolyn Kaye Stokely | Case number | |
|---|---|---|---|

*Check one.*
- [x] None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations.**

- [x] None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- [ ] The sum of $
- [x] __100.00__ % of the total amount of these claims, an estimated payment of $ ~~9,682.64~~
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$31,934.26**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

- [x] None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

- [x] None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge.

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
- [x] None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures:

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  /s/ Gwendolyn Kaye Stokely                                X _____
   **Gwendolyn Kaye Stokely**                                   Signature of Debtor 2
   Signature of Debtor 1

Executed on  **December 19, 2025**                           Executed on _____

**254 E Plum St**
Address                                                       Address
**Columbus MS 39702-0000**
City, State, and Zip Code                                     City, State, and Zip Code

Mississippi Chapter 13 Plan                                                          Page 4

| Debtor | Gwendolyn Kaye Stokely | Case number | |
|---|---|---|---|

Telephone Number                                    Telephone Number

X  /s/ Thomas C. Rollins, Jr.                       Date  **December 19, 2025**
   **Thomas C. Rollins, Jr. 103469**
   Signature of Attorney for Debtor(s)
   **P.O. Box 13767**
   **Jackson, MS 39236**
   Address, City, State, and Zip Code
   **601-500-5533**                                 **103469 MS**
   Telephone Number                                 MS Bar Number
   **trollins@therollinsfirm.com**
   Email Address

## CERTIFICATE OF SERVICE

      I, Thomas C. Rollins, Jr., do hereby certify that I have this date transmitted via Electronic Case Filing, as it appears on this date in the Court registered e-filers of CM/ECF and/or via U. S. Mail, postage prepaid, a true and correct copy of the above Notice of Amendment to Schedules, Notice of Chapter 13 Bankruptcy Case, amended schedules, and plan (if applicable) to the affected creditor(s), Case Trustee and U.S. Trustee at the above listed address(es).

Date: Wednesday, March 11, 2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (Bar No. 103469)
Jennifer A Curry Calvillo (Bar No. 104367)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>GWENDOLYN KAYE STOKELY | CASE NO: 25-14315<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 3/11/2026, I did cause a copy of the following documents, described below,

Notice of Amendments of Schedules

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/11/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-14315 |
|---|---|
| GWENDOLYN KAYE STOKELY | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 13 |

On 3/11/2026, a copy of the following documents, described below,

Notice of Amendments of Schedules

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/11/2026

*Victoria Blake* (signature)

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

AARON'S
424 MS HWY 12 W
STARKVILLE MS 39759